**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BENJAMIN ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.   2021 CV 2569 |
| OAKLEY OSI, LLC, a Delaware limited | ) | |
| liability company, d/b/a Oakley Sign | ) | |
| Installation, L4I, LLC, an Illinois limited | ) | |
| liability company, f/k/a Oakley Sign | ) | |
| Installation, LLC, BRETT LEVITT, and | ) | |
| JIM GIGER, | ) | |
| | ) | |
| Defendants. | | |

## COMPLAINT

NOW COMES Plaintiff, BENJAMIN ALLEN ("Allen"), by and through his attorney, Brian M. Dougherty of Goldstine of Skrodzki, Russian, Nemec and Hoff, Ltd., and for his Complaint against Defendants OAKLEY OSI, LLC, a Delaware limited liability company, d/b/a Oakley Sign Installation ("Oakley), L4I, LLC, an Illinois limited liability company f/k/a Oakley Sign Installation, LLC ("L4I"), BRETT LEVITT ("Levitt"), and JIM GIGER ("Giger"), states as follows:

### PARTIES, JURISDICTION AND VENUE

1.     This action is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, the Portal-to-Portal Act, 29 U.S.C. § 251 *et seq.*, and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.*

2.     Subject matter jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 207, the Portal-to-Portal Act, 29 U.S.C. § 251 *et seq.*, and for the supplemental Illinois statutory claims pursuant to 28 U.S.C. § 1367.  Venue lies in the Northern District of

Illinois pursuant to 28 U.S.C. §1391 since  Defendants Oakley and Levitt are residents of the State of Illinois, a substantial portion of the events giving rise to this claim occurred within this district and Defendants are subject to this Court's personal jurisdiction due to their activities in this district.

3.  Plaintiff Allen was employed by Oakley and L4I as a sign installer from 2013 to 2021.  Allen was engaged in commerce as defined by the Fair Labor Standards Act.

4.  Defendant Oakley is a Delaware limited liability company which has its principal office in the State of New York.  Allen worked at Oakley's place of business in Des Plaines, Illinois. Oakley provides sign installation for real estate companies in Illinois, Indiana, and Wisconsin.  As such, Oakley's services qualify as an enterprise engaged in commerce or in the production of goods for commerce as defined by the Fair Labor Standards Act.  During all relevant times, Oakley was acting directly or indirectly in the interest of an employer in relation to Allen and therefore, as defined under both the federal and state statutes relied upon, is an "employer."  Allen received checks from Oakley for services rendered between 2018 and 2021.

5.  Defendant L4I is an Illinois limited liability company which has its principal office in Des Plaines, Illinois.  Allen worked at L4I's place of business in Des Plaines, Illinois. Oakley provides sign installation for real estate companies in Illinois, Indiana, and Wisconsin. As such, L4I's services qualify as an enterprise engaged in commerce or in the production of goods for commerce as defined by the Fair Labor Standards Act.  During all relevant times, L4I was acting directly or indirectly in the interest of an employer in relation to Allen and therefore, as defined under both the federal and state statutes relied upon, is an "employer."  Allen received checks from L4I's predecessor company, Oakley Sign Installation, LLC, for services rendered between 2013 and 2018.

2

6.      On information and belief, other business entities are also located at the Des Plaines, Illinois location.  These other businesses are related to Oakley and involve (i) presses and machines for sign printing and (ii) canvas art.  On information and belief, the business under item (i) is called Oakley OSG, LLC d/b/a My Custom Real Estate Signs and Oakley Signs & Graphics ("Oakely OSG"), which is a Delaware limited liability company with its principal office in Des Plaines, Illinois.  Oakley OSG has the same Managers as Oakley.

7.      Defendant Levitt, on information and belief, is one of the owners of Oakley and is one of the Managers of L4I, and at all times relevant hereto was acting directly or indirectly in the interest of Oakley and L4I in relation to Allen and therefore as defined under both the federal and state statutes relied upon, is an "employer."  Specifically, Levitt controlled the payment of compensation to Allen.

8.      At all relevant times, Defendant Giger was employed by L4I and Oakley and was in charge of the day-to-day operations, including but not limited to, providing route instructions to Allen and other sign installers, providing invoice forms for payment to sign installers, accepting return of completed invoices to process payments to sign installers, distributing paychecks, and organizing and presiding over meetings with sign installers to address issues surrounding sign installation.  At all times relevant hereto, Giger was acting directly or indirectly in the interest of Oakley and L4I in relation to Allen and therefore as defined under both the federal and state statutes relied upon, is an "employer."

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Against Oakley, Levitt and Giger)

9.      Allen adopts and incorporates by reference paragraphs 1-8 as if fully restated herein.

10.     Allen at all times pertinent to the claims asserted was employed by Oakley, said employment being integral and indispensable to Oakley's business.

11.     Allen arrived at work around 5:00 a.m., Monday through Friday, to receive his daily sign installation route.  After receiving his route, he would install signs for Oakley.  When Allen's work day ended, he would typically have worked 11-12 hours per day, five days per week.

12.     Allen consistently worked over 40 hours per week, but despite the daily work he performed for Oakley, Allen was not paid any overtime wages.  Instead, Oakley treated Allen as an independent contractor and paid Allen a fixed sum per day regardless of the hours worked by Allen.

13.     Allen's wage did not have any deductions for state or federal taxes, Medicare, or Social Security.  At the end of a calendar year, Oakley provided Allen with a Form 1099 for tax purposes.

14.     Pursuant to Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.,* and the Portal-to-Portal Act, 29 U.S.C. § 251 *et seq*., Allen is entitled to compensation at a rate not less than one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours in any week.

15.     Defendants have at all times relevant hereto failed and refused to pay overtime compensation to Allen in accordance with applicable law.

16.     In denying Allen compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds.

17.     Allen is entitled to liquidated damages equal to the amount of unpaid compensation, pursuant to 29 U.S.C. § 260.

WHEREFORE, Plaintiff, BENJAMIN ALLEN, respectfully requests that this Court enter judgment in his favor and against Defendants OAKLEY OSI, LLC, a Delaware limited liability company, BRETT LEVITT, and JIM GIGER, jointly and severally, for unpaid overtime compensation, liquidated damages, attorney's fees and costs, all other legal and equitable relief authorized under the Fair Labor Standards Act of 1938, and that this Court award all other relief it deems equitable and just.

### COUNT II
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
### (Against Oakley, Levitt, and Giger)

18.     Paragraphs 1 through 17 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 17 of this Count II.

19.     As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS § 115/1 *et seq.*

20.     At all of the relevant time at issue herein, the Illinois Minimum Wage Law provides for the payment of minimum wages and overtime compensation.  That law also provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.  820 ILCS 105/12(a).

21.     Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiff, BENJAMIN ALLEN, respectfully requests that this Court enter judgment in his favor and against Defendants OAKLEY OSI, LLC, a Delaware limited liability company, BRETT LEVITT, and JIM GIGER, jointly and severally, for unpaid minimum wages

and overtime compensation, 2% of the amount of the underpayments as provided under 820 ILCS 105/12, attorney's fees and costs, and that this Court award all other relief it deems equitable and just.

## COUNT III
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
#### (Against L4I, Levitt and Giger)

22.    Allen adopts and incorporates by reference paragraphs 1-8 as if fully restated herein.

23.    Allen at all times pertinent to the claims asserted was employed by L4I, said employment being integral and indispensable to L4I's business.

24.    Allen arrived at work around 5:00 a.m., Monday through Friday, to receive his daily sign installation route.  After receiving his route, he would install signs for L4I.  When Allen's work day ended, he would typically have worked 11-12 hours per day, five days per week.

25.    Allen consistently worked over 40 hours per week, but despite the daily work he performed for L4I, Allen was not paid any overtime wages.  Instead, L4I treated Allen as an independent contractor and paid Allen a fixed sum per day regardless of the hours worked by Allen.

26.    Allen's wage did not have any deductions for state or federal taxes, Medicare, or Social Security.  At the end of a calendar year, L4I provided Allen with a Form 1099 for tax purposes.

27.    Pursuant to Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.,* and the Portal-to-Portal Act, 29 U.S.C. § 251 *et seq*., Allen is entitled compensation at a rate not less than one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours in any

week.

28.     Defendants have at all times relevant hereto failed and refused to pay overtime compensation to Allen in accordance with applicable law.

29.     In denying Allen compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds.

30.     Allen is entitled to liquidated damages equal to the amount of unpaid compensation, pursuant to 29 U.S.C. § 260.

WHEREFORE, Plaintiff, BENJAMIN ALLEN, respectfully requests that this Court enter judgment in his favor and against Defendants L4I, LLC, an Illinois limited liability company, BRETT LEVITT, and JIM GIGER, jointly and severally, for unpaid overtime compensation, liquidated damages, attorney's fees and costs, all other legal and equitable relief authorized under the Fair Labor Standards Act of 1938, and that this Court award all other relief it deems equitable and just.

## COUNT IV
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
### (Against L4I, Levitt, and Giger)

31.     Paragraphs 1 through 8 and 22 through 30 of Count III are re-alleged and incorporated as though set forth fully herein.

32.     As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS § 115/1 *et seq.*

33.     At all of the relevant time at issue herein, the Illinois Minimum Wage Law provides for the payment of minimum wages and overtime compensation.  That law also provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages in the

amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.  820 ILCS 105/12(a).

34.    Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiff, BENJAMIN ALLEN, respectfully requests that this Court enter judgment in his favor and against Defendants L4I, LLC, an Illinois limited liability company, BRETT LEVITT, and JIM GIGER jointly and severally, for unpaid minimum wages and overtime compensation, 2% of the amount of the underpayments as provided under 820 ILCS 105/12, attorney's fees and costs, and that this Court award all other relief it deems equitable and just.

**COUNT V**
**UNJUST ENRICHMENT**
**(Against Oakley)**

35.    Paragraphs 1 through 21 are re-alleged and incorporated as though set forth fully herein.

36.    Allen used his personal vehicle to drive to customer locations to install signs.  As a result, Allen incurred substantial mileage on his personal vehicle and charges for gasoline purchases.

37.    The vehicle mileage and gasoline expenses were substantial expenditures that Allen incurred for the benefit of Oakley for which Allen was not compensated.

38.    There was no agreement in place with Allen and Oakley for the reimbursement of expenses.

39.    Oakley has unjustly retained the benefits of Allen's use of his personal vehicle and his incurring of expenses on behalf of Oakley.

40.     Allen has suffered a detriment since he incurred substantial mileage and incurred expenses for gasoline purchases without being reimbursed for those expenses by Oakley.

41.     Oakley's retention of Allen's benefits to the company violates fundamental principles of justice, equity and good conscience.

WHEREFORE, Plaintiff, BENJAMIN ALLEN, respectfully requests that this Court enter judgment in his favor and against Defendants OAKLEY OSI, LLC, a Delaware limited liability company, in an amount to be proved at trial for the cost of unreimbursed gasoline expenses, plus pre-judgment interest under the Illinois Interest Act, and that this Court award all other relief it deems equitable and just.

### COUNT VI
### UNJUST ENRICHMENT
### (Against L4I)

42.     Paragraphs 1 through 8 and 22 through 34 are re-alleged and incorporated as though set forth fully herein.

43.     Allen used his personal vehicle to drive to customer locations to install signs.  As a result, Allen incurred substantial mileage on his personal vehicle and charges for gasoline purchases.

44.     The vehicle mileage and gasoline expenses were substantial expenditures that Allen incurred for the benefit of L4I for which Allen was not compensated.

45.     There was no agreement in place with Allen and L4I for the reimbursement of expenses.

46.     Oakley has unjustly retained the benefits of Allen's use of his personal vehicle and his incurring of expenses on behalf of L4I.

47.     Allen has suffered a detriment since he incurred substantial mileage and incurred

expenses for gasoline purchases without being reimbursed for those expenses by L4I.

48.     L4I's retention of Allen's benefits to the company violates fundamental principles of justice, equity and good conscience.

WHEREFORE, Plaintiff, BENJAMIN ALLEN, respectfully requests that this Court enter judgment in his favor and against Defendants L4I, LLC, an Illinois limited liability company, in an amount to be proved at trial for the cost of unreimbursed gasoline expenses, plus pre-judgment interest under the Illinois Interest Act, and that this Court award all other relief it deems equitable and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted,

BENJAMIN ALLEN,

By:   /s/ Brian M. Dougherty
One of His Attorneys

Brian M. Dougherty
bmd@gsrnh.com
Goldstine, Skrodzki, Russian,
Nemec and Hoff, Ltd.
835 McClintock Drive, Second Floor
Burr Ridge, IL 60527
(630) 655-6000 Telephone
(630) 655-9808 Facsimile